## UNITED STATES v. DOUGHERTY.

### SAME v. LAVIN.

(District Court, E. D. Pennsylvania. May 5, 1900.)

#### Nos. 20, 32.

1. CRIMINAL LAW—INDICTMENT—ILLEGAL SALE OF OLEOMARGARINE—CONSTRUCTION OF STATUTE.

Under 1 Supp. Rev. St. p. 505, c. 840, § 6, requiring retail dealers in oleomargarine to pack same in "suitable wooden or paper packages," marked or branded as the commissioner of internal revenue shall prescribe, and imposing the penalty of fine and imprisonment upon "every person" who knowingly sells, delivers, or packs oleomargarine in any other form than in "new wooden or paper packages" as therein prescribed, an indictment is good which charges a retail dealer with selling, delivering, and packing oleomargarine in packages which are not "new and suitable" wooden or paper packages.

2. SAME.

The sale or delivery of oleomargarine in packages that are not new, being an indictable offense, under 1 Supp. Rev. St. p. 505, c. 840, § 6, and the word "suitable" used in the statute, in respect to the kind of packages in which sales must be made, being indefinite, such word may be disregarded as surplusage in an indictment charging defendant with selling and delivering oleomargarine in packages not "new and suitable."

**3. SAME.**

　　Under 1 Supp. Rev. St. p. 505, c. 840, § 6, requiring oleomargarine to be packed in packages "marked and branded as the commissioner of internal revenue shall prescribe," and imposing a penalty for packing same "in any manner contrary to law," an indictment is good which charges defendant with packing oleomargarine "in packages not marked in accordance with the regulations of the commissioner," without regard to the kind of package used.

**4. CONSTITUTIONAL LAW—POLICE REGULATIONS IN REVENUE LAW—TAX ON OLEOMARGARINE.**

　　1 Supp. Rev. St. p. 505, c. 840, imposing a tax on manufacturers and dealers in oleomargarine, and regulating the sale of such article, having for its primary object the raising of revenue, and not protection to purchasers, is not unconstitutional, as being an infringement upon the police powers of the states.

Motions in arrest of judgment and for a new trial.

James M. Beck, U. S. Atty., and Francis F. Kane, Asst. U. S. Atty. Francis B. Bracken, for defendant Dougherty. Jno. A. Ward, for defendant Lavin.

McPHERSON, District Judge. Two positions are taken in support of the motion to arrest the judgment: First, that the indictment does not set out an offense under the act of 1886 (1 Supp. Rev. St. p. 505); and, second, that the statute is unconstitutional, in so far as it provides for the marking of packages used by retail dealers in oleomargarine,—the allegation being that in this respect it is not a revenue measure, but is a police regulation, which congress is said to have no power to enact.

　　The indictment charges the defendant with unlawful sale, unlawful delivery, and unlawful packing, and in each count the package is described as not a "new and suitable" wooden or paper package. The first position is based upon the contention that no such offense is created by the act as a sale, or delivery, or packing, by a retail dealer, in other than "new and suitable" packages, and therefore that the indictment does not set forth a criminal act. It is argued that the first penal clause of section 6, so far as it affects a sale or a delivery of oleomargarine, can only apply to the manufacturer or the wholesale dealer; because it is the manufacturer who is expressly required, by an earlier clause of that section, to pack in wooden packages "not before used for that purpose,"—that is, in packages that are "new"; and because all sales by manufacturers or wholesale dealers are directed by the same section to be made in "original stamped packages,"—that is, in new packages; while the retail dealer is permitted to sell in a "suitable" wooden or paper package, and (it is said) may therefore sell in a package that is not "new." It is further argued that the second penal clause of section 6, which forbids the packing of oleomargarine in any manner contrary to law, does not forbid the retail dealer to pack in a "new and suitable" package, but only forbids him to sell in a package not "suitable," because in his case no other manner of packing is contrary to law, and therefore that a packing charged to have been made not in "new and suitable" packages is not an indictable offense. The conclusion sought to be drawn is that as the indictments charge the defendant, as a retail dealer, with packing, selling,

or delivering in packages that were not "new," as well as not "suitable," wooden or paper receptacles, the acts thus set forth do not lay him open to a criminal proceeding.

The dispute at the trial was over the marking of the packages, and there was not a word of controversy concerning either their newness or their suitability. As a consequence, if the indictments are technically defective for the reason now urged, the defendant has already had one chance of escape before a jury in a trial upon the merits, and must now be given a second chance upon a trial of the same issue under new indictments framed to meet his objections; for I do not agree with the argument that section 6 has been so faultily drawn that a retail dealer is not within its provisions at all, and therefore that no subsequent indictment could be successfully sustained. On the contrary, I think that the duties of a retail dealer are described with sufficient plainness by the section in question, and that an indictment in some form or other is maintainable. The present question is whether the indictments now under consideration are good. Let us consider the obligations of a retail dealer. He must not remove the oleomargarine from the original stamped package that has been delivered to him by the manufacturer or by the wholesale dealer until he has agreed with a customer upon the terms of a sale at retail. (The regulations of the commissioner of internal revenue permit him to prepare the article in retail packages, but these must remain in, or at most upon, the original stamped package.) After such agreement to sell, the dealer must pack the pound, or other quantity less than 10 pounds, in a "suitable" wooden or paper package, and the sale becomes complete when delivery is made. What a "suitable" package may be is not defined by the act, but I think the meaning is that a suitable package is such as the dealer himself may reasonably find to be convenient and proper, according to the usages and demands of the trade. Thus far, the retailer's package is not described as "new,"—although I venture to affirm that no one would regard such a package as "suitable" unless it was also "new,"—but, when the statute comes to impose penalties for the violation of its provisions, it then declares that "every person"—and this inclusive phrase certainly embraces the retail dealer—must sell and deliver in a "new" wooden or paper package or suffer the consequences declared by the section. That "every person" includes the retail dealer appears clearly from the considerations that all who sell "in any other form than in new wooden or paper packages" are embraced by the express language of the clause, and that no other person than a retail dealer is allowed to sell in a package made of paper; the manufacturer and wholesale dealer being confined to sales in packages made of wood.

I think there is no inconsistency or contradiction between the two sentences now being considered. In one sentence, the package is described as "suitable,"—whatever this somewhat vague expression may include,—and in the succeeding sentence "suitable" is declared, at least in one of its aspects, to mean "new." When, therefore, the government used both these words in referring to the defendant's packages, I think it may fairly be said that the newness was only spoken of as one element of suitability, and that there was nothing

objectionable in such use of language, in view of the collocation of sentences in the section. Moreover, I think the very indefinite word "suitable" serves no purpose in the indictment, as it served no purpose at the trial, and may be properly disregarded as surplusage. If the pleader had described the package as not of a proper color or texture or size, no attention would be paid to such an immaterial averment, and, in my opinion, no more weight should be given to the averment of suitability. If the defendant is punishable for failure to sell or deliver in a new package,—as I think he is,—and is not punishable for failing to sell or deliver in a suitable package, the averment of suitability is wholly foreign to the charge, and may be disregarded. 1 Whart. Cr. Law (7th Ed.) § 622.

But, even if the counts concerning sale and delivery are defective, the counts concerning packing are, I think, unquestionably good. These counts charge him with packing in a manner contrary to law, namely, in packages not marked in accordance with the regulations of the commissioner. Where this is the charge, it is immaterial what kind of a package is used; for section 6 declares it to be an offense to pack in any package (without further describing it) any oleomargarine in any manner contrary to law, and therefore, if the package is not properly stamped or branded, the offense of unlawful packing is committed, whether the package be new or old, suitable or unsuitable. To describe the package as "new and suitable" in such counts is, to my mind, so plainly surplusage that I think nothing further need be said to show that these words may properly be treated as nonexistent. I am not deciding, of course, that the prohibition of unlawful packing may not include more than the use of unmarked packages, but merely that the use of such packages is, at least, one of the acts that are forbidden by the prohibition.

The defendant's second position may, I think, be sufficiently answered by quoting a short extract from the opinion of Chief Justice Fuller in a recent case arising under the act now in controversy:

"The act before us is on its face an act for levying taxes, and, although it may operate in so doing to prevent deception in the sale of oleomargarine as and for butter, its primary object must be assumed to be the raising of revenue. * * * The oleomargarine legislation does not differ in character from laws relating to distilled spirits and tobacco, and the object is the same in both, namely, to secure revenue by internal taxation, and to prevent fraud in the collection of such revenue. Protection to purchasers in respect of getting the real, and not a spurious, article cannot be held to be the primary object in either instance, and the identification of dealer, substance, quantity, etc., by marking and branding, must be regarded as means to effectuate the objects of the act in respect of revenue." In re Kollock, 165 U. S. 536, 537, 17 Sup. Ct. 447, 448, 41 L. Ed. 816, 817.

If the principal object of the act is the raising of revenue, and not protection to purchasers, as the supreme court has thus declared, the argument that congress has unlawfully invaded the police power of the states must fall to the ground.

The motions in arrest of judgment and for a new trial are both overruled. To the overruling of the motion in arrest of judgment an exception is sealed for the defendant.